**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4205**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

DANY ALEXIS TORO-MUNERA,

              Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:15-cr-00269-RBH-1)

Submitted:  October 25, 2016        Decided:  November 8, 2016

Before KING and KEENAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Kimberly H. Albro, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.  Beth Drake, Acting United States Attorney, Christopher D. Taylor, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dany Alexis Toro-Munera appeals the district court's ruling that he does not qualify for the safety valve provision in 18 U.S.C. § 3553(f) (2012) because he failed to truthfully provide all information regarding his offense to the Government.  We affirm.

Application of the safety valve under 18 U.S.C. § 3553(f) is a question of fact that we review for clear error.  United States v. Henry, 673 F.3d 285, 292 (4th Cir. 2012).  "This standard of review permits reversal only if this Court is left with the definite and firm conviction that a mistake has been committed." Id. (internal quotation marks omitted).  In conducting such a review, we afford "the district court's credibility determinations great deference." Id.

To be eligible for relief under the safety valve provision, a defendant must show the following five elements:

> (1) the defendant does not have more than one criminal history point; (2) the defendant did not use violence or possess a firearm in connection with the offense; (3) the offense did not result in death or serious bodily injury; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense; and (5) no later than the time of sentencing, the defendant truthfully provided the government with all evidence and information the defendant had concerning the offense or offenses comprising the same course of conduct or a common scheme or plan.

Henry, 673 F.3d 285, 292-93; 18 U.S.C. § 3553(f).  The burden of proof lies with the defendant to show that he has met each element. United States v. Aidoo, 670 F.3d 600, 607 (4th Cir. 2012).

The parties agree that the first four prongs of the safety valve requirement have been met, but dispute whether Toro-Munera has satisfied the fifth requirement.  We have reviewed the record and conclude that the district court's justification for finding Toro-Munera's testimony not credible does not leave us "with the definite and firm conviction that a mistake has been committed." See Henry, 673 F.3d at 292.  Thus, the district court did not clearly err in finding Toro-Munera ineligible for the safety valve provision.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED